IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BRANDON PECK,<br><br>              Plaintiff,<br><br>v.<br><br>BONNEVILLE BILLING AND<br>COLLECTIONS, INC.,<br><br>              Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No.  1:12-cv-00244-CW<br><br>Judge Clark Waddoups |

Before the court is Defendant's Motion for Summary Judgment on the grounds that it has not violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(10), by leaving voicemails including language to the effect that Defendant needed a return call that day. (Dkt. No. 20.) After careful consideration of Defendant's Motion, Plaintiff's Response (Dkt. No. 21), the controlling statute and relevant precedent, the court hereby GRANTS Defendant's Motion.

**FACTUAL BACKGROUND**

Defendant is a collection agency licensed in the State of Utah. On or about April 7, 2010, Plaintiff incurred a loan with America First Credit Union ("AFCU") which was assigned to Defendant for collection on or about November 15, 2011. Defendant left voicemails with Plaintiff on approximately 21 separate occasions in the period from November 23, 2011 to August 24, 2012, including at least two, on March 14, 2012 and August 7, 2012, in which Defendant stated that Plaintiff needed to return the call that day. Plaintiff claims that the statement in those messages—

that Defendant "needed a call back today"—created a false sense of urgency in violation of the FDCPA.

**DISCUSSION**

**A.     Summary Judgment Standard**

A party is entitled to summary judgment if it can show "that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2012). The moving party must first establish the absence of a genuine issue of material fact on elements as to which it is moving for summary judgment. *Celotex v. Cartrett*, 477 U.S. 317, 323 (1986); *Jensen v. Kimball*, 1 F.3d 1073, 1076-1077 (10th Cir. 1993). The court views the facts and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. *Belhomme v. Widnall*, 127 F.3d 1214, 1216 (10th Cir. 1997). The burden then shifts to the non-moving party to point to specific facts which show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, no genuine issue of material fact exists that would justify trial; rather, the parties disagree on whether a false sense of urgency was created in violation of the FDCPA. *Id.* at 251.

**B.     False Sense of Urgency under the FDCPA**

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This includes, naturally, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). "Additionally, the Staff Commentary by the Federal Trade Commission ('FTC'), the agency charged with enforcement of the FDCPA, states that '[it] is a violation [of § 1692e] to send any communication that conveys to the consumer a false sense of urgency.'" *Thomas v. Consumer Adjustment Co., Inc.*, 579 F.Supp.2d 1290, 1294 (E.D. Mo. 2008) (quoting 53 Fed. Reg. 50097-02,

at 50106 (Dec. 13, 1988)). "In evaluating whether a debt collector has used false, deceptive, or misleading representations or means in connection with the collection of any debt or to obtain information concerning a consumer, the communication in question must be 'viewed through the eyes of an unsophisticated [person].' The test, however, also 'contains an objective element of reasonableness that prevents liability for bizarre or idiosyncratic interpretations of collection [calls].'" *Id.* at 1295 (quoting *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002)).

Plaintiff argues that the two calls in which Defendant left a message stating that Defendant needed a return call that same day created a "false sense of urgency," especially since nothing occurred as a consequence of Plaintiff's failure to return Defendant's calls as requested. (Pl.'s Resp. Def.'s Mot. Summ. J. 3 [Dkt. No. 21].) Creating a false sense of urgency has indeed been found to violate Section 1692e(10). *See, e.g.*, *Romine v. Diversified Collection Srvs., Inc.*, 155 F.3d 1142, 1149 (9th Cir. 1998) (use of Western Union telegrams to convey a false sense of urgency so that collection agency could get debtors' telephone numbers when they called to retrieve telegrams); *Thomas*, 579 F.Supp.2d at 1295-96 (not "idiosyncratic" for plaintiff to experience a false sense of urgency when collection caller falsely identified himself as debtor's brother); *Dewees v. Legal Servicing, LLC*, 506 F.Supp.2d 128, 135 (E.D.N.Y. 2007) (false sense of urgency found where collection letter stated that the debt was "currently being reviewed for potential litigation" which to the least sophisticated investor could mean that litigation is imminent).

But the balance of the cases Plaintiff cites actually contradict his argument that the calls in question here created a false sense of urgency. *See, e.g.*, *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004) ("The 'priority letter' language is also harmless. It appropriately expresses the importance of correspondence concerning long overdue accounts and would not serve to intimidate or threaten even the most gullible debtor."); *Schweizer v. Trans Union Corp.*, 136 F.3d

233, 238 (2d Cir. 1998) (notice with "Priority-Gram" would not be mistaken for a telegram even by the least sophisticated debtor and therefore did not convey a false sense of urgency); *Lesher v. Law Office of Mitchell N. Kay, P.C.*, 724 F.Supp.2d 503, 506-09 (M.D.Pa. 2010) (magistrate judge found collection notices with letterhead falsely implying that an attorney is involved and that implicitly threaten legal action to violate Section 1692e though not explicitly accepting the claim that they created false sense of urgency); *see also Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 648, 665-66, 667 (S.D.N.Y. 2006) (finding that a false sense of urgency was not evoked by a debt collector's pre-recorded message which said: 'Good day, we are calling from NCO Financial Systems regarding a personal business matter that requires your immediate attention' and leaving callback numbers).

The court finds the most instructive parallel in a case not cited by either party, *Leyse v. Corporate Collection Servs.*, No. 03-Civ.-8491-DAB, 2006 U.S. Dist. LEXIS 67719, at *21 (S.D.N.Y. Sept. 18, 2006). In *Leyse*, Judge Batts found that two problematic phone messages conveyed a false sense of urgency. The messages stated, in relevant part, that "I'm calling re - [sic] - I need a return call tomorrow or today . . . . It's urgent that I speak to you today." *Id.* At first blush this would appear to support Plaintiff's position. But *Leyse* is distinguishable from the facts of this case based on the broader context of the calls. To quote *Foti*, the Court in *Leyse* also "focused less on the words [of the phrase "I need a return call tomorrow or today"] as constituting a per se violation of the FDCPA, and more on whether the overall tenor of the [calls] creates an impression of dire urgency that might confuse the least sophisticated consumer." *Foti*, 424 F. Supp. at 663. The *Leyse* Court found that the caller's stuttering voice made it sound like the caller was "pressed and attending to an especially troubling matter." 2006 U.S. Dist. LEXIS 67719, at *21. Of greater concern, the first of the two messages did not "state that it pertains to a financial matter. . . . [It] reasonably could pertain to a host of issues—including family or medical matters—which may be viewed by a consumer as much more pressing than a debt owed." *Id.* The second message also did

"not state anything about finances or debts." Thus, the court found, "[t]he apparent purpose of Messages 1 and 2 was to be vague enough to provoke the recipient to return the calls in haste. Leaving a message that deceptively entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent." *Id.*

Here, Plaintiff's allegation that Defendant evoked a false sense of urgency does not arise from circumstances in which "the overall tenor . . . creates an impression of dire urgency that might confuse the least sophisticated consumer." *Foti*, 424 F. Supp. at 663. Unlike in *Leyse*, the calls were not intentionally vague, intended to "entice[] a consumer to communicate with a debt collector when he is caught off guard." 2006 U.S. Dist. LEXIS 67719, at *21. Rather, the two calls at issue (among approximately 21 calls over several months) merely stated that Defendant needed a return call that same day. The callers stated that the calls related to Plaintiff's debt. Without a broader context more closely resembling *Leyse*, in which a debtor is meant to be caught off guard to make contact, such a benign statement as that contained in these calls is not enough to create a false sense of urgency in violation of the FDCPA.

Accordingly, the court GRANTS Defendant's Motion for Summary Judgment (Dkt. No. 20) and this case is dismissed.

## CONCLUSION

For the reasons discussed above, the court GRANTS Defendant's Motion for Summary Judgment (Dkt. No. 20), thereby dismissing this case.

SO ORDERED this 5th day of September, 2013.

BY THE COURT:

Clark Waddoups
United States District Judge

5